1  COOLEY LLP
   TRAVIS LEBLANC (251097)
2  (tleblanc@cooley.com)
   3 Embarcadero Center, 20th Floor
3  San Francisco, California 94111
   Telephone:   (415) 693-2000
4  Facsimile:   (415) 693-2222

5  TERESA MICHAUD (296329)
   (tmichaud@cooley.com)
6  355 South Grand Avenue
   Suite 900
7  Los Angeles, California  90071
   Telephone:   +1 213 561 3250
8  Facsimile:   +1 213 561 3244

9
   Attorneys for Defendant
10 GOOGLE LLC

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 | NICOLE ARROYO, individually and on behalf | Case No.
   | of all others similarly situated,
16 |                                           | **NOTICE OF REMOVAL**
   |           Plaintiff,
17 |
   |     v.
18 |
   | GOOGLE LLC,
19 |
   |           Defendant.
20

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), Google LLC ("Google") hereby removes the above-captioned civil action from the Superior Court of the State of California, County of Santa Clara (the "Superior Court"), where the action is currently pending, to the United States District Court for the Northern District of California. For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). In filing this Notice of Removal, Google expressly reserves all rights to respond to and seek dismissal of this lawsuit.

## I. BACKGROUND

### A. Nature of the Suit

1. On October 27, 2025, Plaintiff Nicole Arroyo filed a putative class action complaint in the Superior Court entitled *NICOLE ARROYO, individually and on behalf of all others similarly situated v. Google, LLC*, Case No. 25CV478687 (the "Complaint"). A true and correct copy of the Complaint served upon Google is attached as **Exhibit 1** to the accompanying Declaration of Teresa Michaud ("Michaud Declaration").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served upon Google in the Superior Court and not previously referenced are attached as **Exhibits 2 - 4** to the Michaud Declaration.[1]

3. Plaintiff alleges that she is a resident and citizen of Pinal County, Arizona. Compl. ¶ 7.

4. Google is "is a Delaware limited liability company, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California, 94043." Compl. ¶ 8.

5. Plaintiff seeks to represent a putative class consisting of "all Verizon account holders of the State of Arizona who, during the applicable statute of limitations period, called Verizon's customer service line and spoke with a customer service representative" when Google's Google Cloud Contact Center AI ("GCCAI") allegedly "procured information from such calls." Compl. ¶ 44. Plaintiff claims that Verizon's use of GCCAI resulted in Google "eavesdropp[ing] on

---

[1] All exhibit citations are to the Michaud Declaration except as otherwise noted.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                                                                                    NOTICE OF REMOVAL

1  Plaintiff's entire conversation with the Verizon human customer service agent" whom she
2  contacted "to discuss her telephone bill" on at least two occasions. Compl. ¶¶ 36, 39, 40.

3        6.      The Complaint asserts a single cause of action for violation of Arizona's Telephone,
4  Utility, and Communication Service Records Act ("TUCSRA"), A.R.S. § 44-1376 *et seq.* It alleges
5  that "through GCCCAI, [Google] willfully and without the authorization of the Plaintiff or Class
6  Members (the customers), procured, attempted to procure, or conspired with Verizon to procure
7  telephone record information of the Plaintiff and Class Members, all of whom are residents of
8  Arizona, when they called Verizon." Compl. ¶ 56.

9        7.      By filing this Notice of Removal, Google does not admit that Plaintiff's allegations
10  have any merit whatsoever, and expressly reserves the right to challenge all such allegations on any
11  and all grounds available.

12        8.      Nothing in this Notice of Removal shall constitute a waiver of Google's right to
13  assert any defense or argument, or avail itself of any substantive or procedural right, including but
14  not limited to motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

15        9.      If the Court considers a remand, Google requests the Court issue an order to show
16  cause as to why the case should not be remanded, giving the parties the opportunity to present
17  briefing, evidence, and argument prior to any remand.

18        **B.**      **Removal Is Timely**

19        10.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  Plaintiff filed
20  the Complaint on October 27, 2025. *See* Ex. 1.  Plaintiff personally served Google via its Delaware
21  registered agent on November 20, 2025.  *See* Ex 4.  Google filed this Notice of Removal within
22  thirty days of service (or before December 22, 2025), as required.  28 U.S.C. § 1446(b)(1); *see also,*
23  *e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (timeline to
24  remove begins to run when service perfected under state law).

25  **II.**      **GROUNDS FOR REMOVAL**

26        11.      This Court has jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the
27  action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

28

12. A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d). The CAFA requirements are satisfied here.

### A. This Action Meets the "Class Action" Definition under CAFA.

13. This action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

28 U.S.C. § 1332(d)(1)(B). CAFA further provides, "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

14. Plaintiff filed this action as a putative class action. *See* Compl. at 1 (titled "Class Action Complaint"); *id.* ¶ 1 ("Plaintiff Nicole Arroyo ('Plaintiff'), individually and on behalf of all others similarly situated . . . "); *id.* ¶¶ 44–50 (section entitled "Class Action Allegations"). Plaintiff also asserts that she "seeks to represent a [c]lass," as noted above. *Id.* ¶ 44. Accordingly, the complaint qualifies as a "class action" under CAFA.

### B. The Proposed Class Exceeds 100 Members.

15. The Complaint's allegations satisfy the first requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5). Plaintiff affirmatively asserts as much, alleging that "[t]he number of persons within the Class is substantial and believed to amount to thousands of persons." Compl. ¶¶ 46. This implies "a logical minimum of 2,000 class members." *Tompkins v. Basic Rsch. LLC*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008).

16. Indeed, courts regularly find CAFA jurisdiction based on alleged classes comprising fewer members. *See, e.g.*, *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140

(9th Cir. 2013) (finding numerosity requirement under CAFA was met for jurisdictional purposes by complaint statement seeking to "'provide remedies for hundreds of affected consumers'").

### C. The Amount in Controversy Exceeds $5 Million.

17. The Complaint's allegations also satisfy the second requirement for removal under CAFA because they allege that the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

18. To meet the amount in controversy threshold, a notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id*. (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). A defendant's burden to show the amount in controversy on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (internal quotation marks omitted; emphasis in original). Rather, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

19. A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, and attorneys' fees awarded under fee-shifting statutes. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes[.]").

20. Plaintiff invokes TUCSRA's minimum statutory damages provision, which provides for actual damages or $1,000 per violation of the statute, whichever is greater. Compl. ¶ 59 (citing A.R.S. § 44-1376.04(A)); *see also* Compl. at 15 (prayer for relief seeking same).

21. Accordingly, if the class comprises even 5,000 individuals who each experienced a single purported TUCSRA violation entitling them to the $1,000 statutory minimum, CAFA's $5 million amount in controversy requirement would be satisfied.

22. The Court may also consider attorneys' fees as part of the amount in controversy "if they are permitted by law." *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015). TUCSRA authorizes an award of "[r]easonable attorney fees" to prevailing Plaintiffs. A.R.S. § 44-1376.04(A)(4). In the removal context, "courts in this district have relied on the benchmark amount" under Ninth Circuit law of 25% of the total common-fund recovery. *Bayol*, 2015 WL 4931756, at *9 (collecting cases). Assuming Plaintiff could show 5,000 TUCSRA violations for total damages of $5 million, a 25% fee award would raise the total amount in controversy to $6,250,000. Put another way, an attorneys' fee award would reduce the minimum number of TUCSRA violations required to establish the amount in controversy to 3,750 ($3,750,000 in statutory damages plus $1,250,000 in attorney's fees).

23. Plaintiff also seeks injunctive relief, the value of which is difficult to measure, but which would further increase the amount in controversy.

24. Accordingly, without Google conceding liability, the validity of Plaintiff's claim for relief, or appropriateness of class treatment in any respect, it can be reasonably assumed that the amount in controversy is at least the $5 million minimum. *See* 28 U.S.C. § 1332(d)(2).

**D.   There is Minimal Diversity.**

25. The Complaint's allegations satisfy the third requirement for removal under CAFA—minimal diversity—because "any member of a class of plaintiffs is citizen of a State different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides

expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

26. An individual is a citizen of the state in which she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000).

27. Plaintiff's Complaint alleges that she "resides in Pinal County, Arizona and has an intent to remain there, and is therefore a citizen of Arizona." and does not allege any alternative place of residence or state of citizenship. Compl. ¶ 7. The Complaint therefore establishes that she is a citizen of Arizona for the purposes of the diversity of citizenship analysis.

28. For purposes of establishing diversity jurisdiction under CAFA, a limited liability company is deemed to be a citizen of any state under whose laws it is organized and of any state where it has its principal place of business. 28 U.S.C. § 1332(d)(10) ("[A]n unincorporated association shall be deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it was organized"); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (treating limited liability companies as "unincorporated associations" for CAFA purposes). Google is, as the Complaint alleges, a Delaware limited liability company with its principal place of business located in Mountain View, California. Compl. ¶ 8. Google thus is now—and was at the time of the filing of this action—a citizen of Delaware and California for purposes of determining diversity jurisdiction under CAFA.

29. Therefore, diversity of citizenship exists under CAFA because at least one member of the putative class—Plaintiff—is a citizen of Arizona, a state different than Google's state of organization and its principal place of business. 28 U.S.C. § 1332(d)(2)(A). Indeed, because Plaintiff seeks to represent a class consisting only of Arizonans, all class members are citizens of different states than Google. Compl. ¶ 44.

### III. VENUE AND INTRADISTRICT ASSIGNMENT

30. Removal to this judicial district is proper because this district includes the County of Santa Clara, where the action is currently pending. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

### IV. NOTICE TO THE SUPERIOR COURT AND TO PLAINTIFF

31. On December 3, 2025, Google's counsel met and conferred with Plaintiff's counsel and discussed the removal of this case, following which Plaintiff's counsel confirmed they were not opposed to removal. Michaud Decl. ¶ 7.

32. Promptly after filing this notice of removal with this Court, Google will give written notice to Plaintiff's counsel and file a copy of this notice with the Clerk of the Superior Court, as required by 28 U.S.C. §1446(d).

### V. CONCLUSION

33. Removal to this Court is proper under CAFA. If any question arises as to the propriety of the removal of this action, Google requests the opportunity to present a brief, evidence, and argument in support of its position that this case is subject to removal.

Respectfully submitted,

Dated: December 16, 2025        COOLEY LLP

By: */s/ Travis LeBlanc*
    Travis LeBlanc

Attorneys for Defendant
GOOGLE LLC