COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

COOLEY LLP
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
355 South Grand Avenue
Suite 900
Los Angeles, California 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ARROYO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF TERESA MICHAUD IN SUPPORT OF GOOGLE LLC'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of California for the County of Santa Clara, No. 25CV478687] |

I, Teresa Michaud, hereby declare as follows:

1. I am an attorney at Cooley LLP and counsel for Google LLC ("Google") in this matter. I am admitted to practice law in the State of California and before this Court. Except as otherwise noted, I have personal knowledge of the facts herein and if called to testify, could and would testify competently hereto.

2. I submit this declaration in support of Google's Notice of Removal filed herewith.

3. On October 27, 2025, Plaintiff Nicole Arroyo filed a putative class action complaint in the Superior Court for the State of California, County of Santa Clara ("Superior Court") entitled *NICOLE ARROYO, individually and on behalf of all others similarly situated v. Google, LLC*, Case No. 25CV478687 (the "Complaint"). Alongside the Complaint, Plaintiff filed a Civil Case Cover Sheet. True and correct copies of these documents are attached hereto as **Exhibit 1**.

4. That same day, the Superior Court issued a Summons, a true and correct copy of which is attached as **Exhibit 2** to this declaration.

5. On November 19, 2025, the Superior Court filed an order deeming the case complex. A true and correct copy of this order, which is dated November 3, 2025 but was not e-filed until November 19, 2025, is attached as **Exhibit 3.**

6. On November 24, 2025, Plaintiff filed a proof of service reflecting service of process on Google via its Delaware registered agent on November 20, 2025. A true and correct copy of the proof of service is attached as **Exhibit 4.**

7. On December 3, 2025, my partner Travis LeBlanc and I met with Plaintiff's counsel to discuss this matter, including Google's intent to remove the case to federal court. Following that discussion, Plaintiff's counsel confirmed that they do not oppose removal.

8. **Exhibits 1 through 4** comprise all pleadings, process, and orders filed in the Superior Court and served upon Google in this matter to date. A true and correct copy of the Superior Court docket is attached hereto as **Exhibit 5**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of December 2025, in Los Angeles, California.

By: ______________________________
Teresa Michaud

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Travis LeBlanc, attest that concurrence in the filing of this document has been obtained from the other signatory. Executed on December 16, 2025, in Washington, D.C.

*/s/ Travis LeBlanc*
Travis LeBlanc

# Exhibit 1

to the Declaration of Teresa Michaud

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ndeckant@bursor.com

*Attorneys for Plaintiff*

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 10/27/2025 4:05 PM**
**Reviewed By: L. Ayala**
**Case #25CV478687**
**Envelope: 21381032**

**SUPERIOR COURT OF CALIFORNIA**

**FOR SANTA CLARA COUNTY**

NICOLE ARROYO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOOGLE, LLC,

Defendant.

Case No. 25CV478687

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Nicole Arroyo ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and their counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendant Google, LLC ("Defendant" or "Google") has developed and provides a customer service product called Google Cloud Contact Center AI (hereafter "GCCCAI") as a software-as-a-service.

2. GCCCAI is employed by numerous entities, including Verizon Communications, Inc. ("Verizon") to monitor voice and text-based interactions.

3. Verizon contracted with Google and its GCCCAI service to respond to customers who call from Arizona and across the nation to, among other things, receive support through these channels ("Contact Centers").

4. By virtue of providing the GCCCAI service, however, Defendant also records, accesses, reads, learns, and procures the contents of conversations between Arizonans and customer service representatives. And, crucially, neither Defendant nor Verizon obtains the prior consent, express or otherwise, of any person who interacts with Verizon's customer service agents, prior to Defendant recording, accessing, reading, learning, and procuring the contents of conversations between Arizonans and Verizon's customer service representatives.

5. Through its use of GCCCAI, Defendant has failed to comply with Arizona's Telephone, Utility and Communication Service Records Act ("TUCSRA"), Arizona Revised Statutes section 44-1376.01(A)(1).

6. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Arizona residents, and to recover statutory damages for Defendant having recorded, accessed, read, and learned the contents of conversations between Arizonans and Verizon without procuring prior consent, in contravention of TUCSRA § 44-1376.01(A)(1).

## PARTIES

7. Plaintiff Nicole Arroyo resides in Pinal County, Arizona and has an intent to remain there, and is therefore a citizen of Arizona. Ms. Arroyo, an account holder with Verizon, was in Arizona when she spoke to a representative from Verizon over the phone from her home in or about February 2025 and May 2025.

8. Defendant Google, Inc. ("Google" or "Defendant") is a Delaware limited liability company, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California, 94043. Google does business throughout California and the entirety of the United States. Google provides a customer contact and support solution called "Google Cloud Contact Center AI," which is at issue here and described more fully below.

9. At all relevant times, Verizon contracted with Google and its GCCCAI service.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution and California Code of Civil Procedure § 382.

11. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in California.

12. Venue is proper in Santa Clara County under California Code of Civil Procedure § 395(a) because Defendant's principal place of business is located in this county.

## FACTUAL BACKGROUND

### I. ARIZONA'S TELEPHONE, UTILITY, AND COMMUNICATION SERVICE RECORDS ACT

13. The Arizona Legislature enacted the Telephone, Utility, and Communication Service Records Act ("TUCSRA") to protect certain privacy rights of Arizona citizens. It prohibits any person from "knowingly procur[ing], solicit[ing] or conspir[ing] with another to procure . . . a telephone record or communication service record . . . without the authorization of the customer to whom the record pertains." A.R.S. § 44-1736.01(A)(1).

14. TUCSRA defines a "telephone record" as information that is:

a. Retained by a telephone company and that relates to the telephone number dialed by the customer or the incoming number of the call directed to a customer or other data related to such calls typically contained on a customer telephone bill, including the time the call started and ended, the duration of the call, the time of day the call was made, any charges applied and any information that indicates the location from which or to which the call was made.

b. Made available to a telephone company by a customer solely by virtue of the relationship between the telephone company and the customer. Telephone record does not include any information collected and retained by or on behalf of customers using caller identification or similar technology.

15. As the Arizona District court has held in explaining the purpose and function of TUCSRA:

> TUCSRA is designed to safeguard customer records held by (1) telephone companies, (2) public utilities, and (3) communication service providers. It mandates that these entities implement reasonable measures to prevent "unauthorized or fraudulent disclosure of [telephone, public utility, and communication service] records that could result in a substantial harm or inconvenience to any customer." A.R.S. § 44-1376.01(B).

*Williams v. Pac. Sunwear of Cal. LLC*, No. CV-24-02015-PHX-JJT, 2025 U.S. Dist. LEXIS 72158, at *7 (D. Ariz. Apr. 16, 2025).

16. Relevant here, TUCSRA § 44-1376 defines a "telephone company" as "any person that provides commercial telephone services to a customer, irrespective of the communications technology that is used." A.R.S. § 44-1376.

17. Pursuant to TUCSRA § 44-1376.04(A), individuals may bring an action against the violator for:

a. Preliminary and other equitable or declaratory relief as may be appropriate.

b. Damages equal to the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation but in no case shall a person entitled to recover receive less than one thousand dollars.

c. Reasonable attorney fees and other litigation costs that are reasonably incurred.

## II. DEFENDANT VIOLATES THE ARIZONA TELEPHONE, UTILITY, AND COMMUNICATION RECORDS ACT

18. GCCCAI is a "human-like generative AI powered contact center" that, among other things, "empowers human agents with continuous support during their calls and chats by identifying intent and providing real-time, step-by-step assistance" and "uses natural language processing to identify call drivers and sentiment that helps contact center managers learn about customer interactions to improve call outcomes."[1]

19. When a consumer calls into a GCCCAI-powered contact center, they may first be presented with a virtual agent provided by Google. Virtual agents are not identified as being provided by Google, and so consumers reasonably believe the virtual agent is provided by the company they are calling.

20. Regardless, if a consumer requests to speak with a human agent, the virtual agent transfers the consumer – along with a transcript of the conversation up until that point – to a human agent[2]:




[1] CONTACT CENTER AI, https://cloud.google.com/solutions/contact-center.

[2] HOW DOES GOOGLE CLOUD CONTACT CENTER AI WORK?, https://youtu.be/i8b4pEYIsIM?si=NjkXMwHwCJXOIKyz&t=158.

21. Crucially, once a consumer is routed from the virtual agent to the human agent, they expect the conversation is only between themselves and the human customer service agent. They do not expect, nor do they have any reason to suspect, that the virtual agent or any sort of third party is listening in on the conversation. After all, that is the point of being transferred.

22. And yet, contrary to those expectations, Google is *still listening* even when a call is transferred from a virtual agent to a human agent. Specifically, a Google "session manager monitors the state of the conversation" with the human agent[3]:




23. Google, through GCCCAI, does not simply listen in on the conversation between the consumer and the human agent though. It also "[t]ranscribe[s] calls in real time for agents to reference during the call or for analysis after the call."[4]

[3] HOW DOES GOOGLE CLOUD CONTACT CENTER AI WORK?, https://youtu.be/i8b4pEYIsIM?si=NjkXMwHwCJXOIKyz&t=160.

[4] AGENT ASSIST, https://cloud.google.com/agent-assist?hl=en.

24. In addition, Google, through GCCCAI, "grabs the context of the conversation to suggest articles and real-time, step-by-step guidance" to the agent.[5] In other words, Google, through GCCCAI, is actively analyzing the real-time contents of conversations between companies like Verizon and their customers.

25. Further, through GCCCAI, Google provides "smart replies" to the agent based on Google's analysis of the real-time contents of the conversations[6]:




26. For the last year, if not longer, Verizon has contracted with Google to listen in on conversations through GCCCAI, and for Google to provide at least all of the features mentioned above.

[5] HOW DOES GOOGLE CLOUD CONTACT CENTER AI WORK?, https://youtu.be/i8b4pEYIsIM?si=szJ4Bfl9egcT5p1N&t=174.

[6] HOW DOES GOOGLE CLOUD CONTACT CENTER AI WORK?, https://youtu.be/i8b4pEYIsIM?si=DTnLsP36i4vO1NLD&t=188.

27. Google profits from its provision of the GCCCAI service. For instance, Google charges its clients "$0.03 per minute" for "Agent Assist for voice sessions with Summarization and other assist features."[7]




28. When GCCCAI is used on a telephone conversation, it is not like a tape recorder, or a "tool" used by one party to record the other. Instead, GCCCAI involves Google – a separate and distinct third-party entity from the parties to the conversation – using GCCCAI to eavesdrop upon and record a conversation to which it is not a party. This is so because Google itself is collecting the contents of any conversation, as alleged above. Google also needs access to the data in order to service customers like Verizon, such as through providing recommendations, analyzing customer intent, and transcribing conversations in real time.

29. Google has the capability to use the contents of conversations it collects through GCCCAI. For instance, in its "Service Specific Terms," Google has a section pertaining to

[7] AGENT ASSIST PRICING, https://cloud.google.com/agent-assist/pricing.

"AI/MIL Services," which includes GCCCAI.[8] In this section, Google states it can use "Customer Data" to "train or fine-tune any AI/ML models" with its clients' permission (but not the end user's permission).[9] Thus, Google has the capability to use the wiretapped data it collects through GCCCAI to improve its AI/ML models (i.e., to improve the AI-based products and services Google provides).

30. During consumers' calls to the Contact Centers, including Verizon's, Google fails to inform consumers, prior to any recording or procurement of telephone records: (i) that Google, a third party, is listening in on consumers' communications; (ii) that Google, a third party, is tapping or otherwise making an unauthorized connection with the consumer's telephone conversation using GCCCAI; and (iii) that the content of consumers' confidential communications with the Contact Centers are being recorded, collected, intercepted, and analyzed by a Google, a third party, using GCCCAI.

31. The GCCCAI service was designed to record and analyze real-time phone conversations. As such, when Google provided the GCCCAI service to Verizon, Google understood and therefore intended to record the communications of customers who called into the Contact Centers.

32. Verizon is a telephone company, as it provides commercial telephone services to customers. A.R.S. § 44-1376. When customers call Verizon to inquire about their telephone bills or account information, they routinely discuss and disclose their telephone records as defined by A.R.S. § 44-1376(7). These telephone records include information such as "the telephone number dialed by the customer or the incoming number of the call directed to a customer," "the time the call started and ended, the duration of the call, the time of day the call was made," "any charges applied," and other data "typically contained on a customer telephone bill." During these calls, customers frequently discuss specific calls they made or received, question charges for particular

[8] SERVICE SPECIFIC TERMS, https://cloud.google.com/terms/service-terms.

[9] *Id.*

numbers or time periods, dispute billing for certain call durations or destinations, and seek explanations for various fees and charges appearing on their monthly statements. This information constitutes telephone records under the statute because it relates to call data retained by Verizon and is "made available to a telephone company by a customer solely by virtue of the relationship between the telephone company and the customer." A.R.S. § 44-1376(7)(b).

33. Google conspires with their customers, including Verizon, to listen to, record, monitor, and procure conversations that take place during customer calls to the Contact Centers. In doing so, they procure and process telephone records of customers, given that Verizon is a telephone company under TUCSRA and any information relating to the telephone number dialed by the customer which was discussed between Verizon and its customers qualifies as a telephone record.

34. Neither Defendant nor Verizon informs customers who call the support center that GCCCAI is listening to and recording information about their call, even after a customer requests to speak with a human. Defendant therefore lacks the requisite "authorization of the customer to whom the record pertains," which Verizon itself cannot provide. A.R.S. § 44-1376.01(A)(1)

35. Therefore, Defendant's conduct violates the rights of Arizonans set forth in TUCSRA § 44-1376 *et seq*.

## III. PLAINTIFF'S EXPERIENCE

### A. Plaintiff Arroyo

36. Plaintiff Arroyo has called Verizon's Contact Center several times, including most recently in or about May 2025, from her home to discuss her telephone bill.

37. In these conversations, Plaintiff reasonably expected her conversations with Verizon to be only between herself and Verizon.

38. During these calls with Verizon, Plaintiff first interacted with a "virtual agent." Plaintiff Arroyo was not aware, nor did she have any reason to suspect, that the virtual agent was being provided by a third party, Google, rather than Verizon.

39. On these calls, Plaintiff then asked to be transferred from the virtual agent to a human agent. When Plaintiff's call was transferred to the human agent, she reasonably expected the conversation would be only between herself and the Verizon human customer service agent. She did not expect or have any reason to expect that the virtual agent, let alone a virtual agent provided by Google, a third party, was listening in on her conversation.

40. Nonetheless, Google, through GCCCAI, eavesdropped on Plaintiff's entire conversation with the Verizon human customer service agent. Specifically, a Google session manager monitored the conversation between Plaintiff and Verizon, and Google, through GCCCAI, transcribed Plaintiff's conversation in real time, analyzed the context of Plaintiff's conversation with Verizon, and suggested "smart replies" and news articles to the Verizon agent Plaintiff was communicating with.

41. Through the aforementioned process, by virtue of contracting with Verizon to provide Verizon GCCCAI, Google conspired with Verizon to procure in real time, Plaintiff's telephone record.

42. Neither Verizon nor Google received Plaintiff's prior consent, express or otherwise, to allow Defendant to procure her telephone record from Verizon.

43. Plaintiff has, therefore, had her privacy severely invaded and been exposed to the risks and harmful conditions created by Defendant's violations of TUCSRA § 44-1376.01(A)(1) alleged herein.

## CLASS ALLEGATIONS

44. Plaintiff Arroyo seeks to represent a Class defined as all Verizon account holders of the State of Arizona who, during the applicable statute of limitations period, called Verizon's customer service line and spoke with a customer service representative during which time GCCCAI procured information from such calls (the "Class").

45. The following people are excluded from the Class: (1) any Judge presiding over this action and members of her or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling

interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

46. **Numerosity:** The number of persons within the Class is substantial and believed to amount to thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from records belonging to Defendant and Verizon.

47. **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between members of the Class, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

a. Whether Defendant "[k]nowingly procure[d], attempt[ed] to procure, solicit[ed] or conspire[d] with another person to procure a … telephone record … of any resident of this state without the authorization of the customer to whom the record pertains or by fraudulent, deceptive or false means" in violation of A.R.S. § 44-1376 *et seq*.;

b. Whether Plaintiff's and the Class's "telephone records" were procured, sold or received in violation of A.R.S. § 44-1376 *et seq*.;

c. Whether Defendant's conduct violates A.R.S. § 44-1376 *et seq*. or any other applicable laws; and

d. Whether Plaintiff and members of the Class are entitled to actual and/or statutory damages for the aforementioned violations.

48. **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all Class members, had her telephone records procured, sold, or received by Defendant.

49. **Adequate Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the Class Members will be fairly and adequately protected by Plaintiff and her counsel.

50. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Class. Each individual member of the Class may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
### Violation Of The Arizona Telephone, Utility, and Communication Service Records Act, Arizona Revised Statutes § 44-1376

51. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

52. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

53. To establish liability under TUCSRA § 44-1376 *et seq.*, Plaintiff need only establish that:

- Defendant "[k]nowingly procure[d], attempt[ed] to procure, solicit[ed] or conspire[d] with another to procure" information;
- The information sought was a "public utility record, a telephone record or communication service record of any resident of this state"; and
- Defendant lacked "authorization of the customer to whom the record pertains", or alternatively that Defendant acted in a fraudulent, deceptive, or false manner.

54. Defendant's use of GCCCAI to collect and process information about the Verizon Contact Center calls is "procure[ment]" of a "telephone record" without "authorization of the customer to whom the record pertains".

55. At all relevant times, through GCCCAI, Defendant intentionally procured and/or conspired to procure "telephone record" information from calls made to Verizon by Plaintiff and Class Members, customers of Verizon.

56. At all relevant times, through GCCCAI, Defendant willfully and without the authorization of the Plaintiff or Class Members (the customers), procured, attempted to procure, or conspired with Verizon to procure telephone record information of the Plaintiff and Class Members, all of whom are residents of Arizona, when they called Verizon.

57. Plaintiff and Class Members did not consent to or authorize any procurement by Defendant of their telephone records or communication service records.

58. The violation of TUCSRA § 44-1376 *et seq.* constitutes an invasion of privacy sufficient to confer standing.

59. Pursuant to A.R.S. § 44-1376.04(A), Plaintiff and Class Members have each been injured by the violations, and each seeks preliminary and other equitable or declaratory relief as well as damages for each of Defendant's violations equal to the greater of:

the sum of actual damages suffered and any profits made by Defendant as a result of the violation,

*Or*

one thousand dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class, naming Plaintiff as the representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For preliminary and other equitable or declaratory relief as may be appropriate for each violation of TUCSRA § 44-1376 *et seq.*;

(e) For damages equal to the sum of the actual damages suffered by Plaintiff and any profits made by Defendant as a result of the violation or one thousand dollars, whichever is greater;

(f) For pre- and post-judgment interest on all amounts awarded;

(g) For an order awarding and the Class their reasonable attorney's fees and expenses and costs of suit.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: October 27, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ______________________________

Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ndeckant@bursor.com

*Attorneys for Plaintiff*

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Neal J. Deckant (State Bar No. 322946)
Bursor & Fisher, P.A., 1990 North California Blvd., 9th Floor, Walnut Creek, CA 94596

TELEPHONE NO.: (925) 300-4455 FAX NO.: (925) 407-2700
EMAIL ADDRESS: ndeckant@bursor.com
ATTORNEY FOR *(Name):* Plaintiff Nicole Arroyo

*FOR COURT USE ONLY*

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 10/27/2025 4:05 PM Reviewed By: L. Ayala Case #25CV478687 Envelope: 21381032**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Nicole Arroyo v. Google, LLC

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV478687
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 27, 2025
Neal J. Deckant
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**

- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**

- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**

- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**

- Wrongful Termination (36)
- Other Employment (15)

**Contract**

- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**

- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**

- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**

- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**

- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**

- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**

- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**

- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# Exhibit 2

to the Declaration of Teresa Michaud

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
10/27/2025 4:05 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV478687
Reviewed By: L. Ayala
Envelope: 21381032

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
GOOGLE, LLC,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
NICOLE ARROYO, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California,
County of Santa Clara, 191 North First Street, San Jose, CA 95113

CASE NUMBER: *(Número del Caso):* 25CV478687

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neal J. Deckant, Bursor & Fisher, P.A., 1990 North California Blvd., 9th Floor, Walnut Creek, CA 94596,Tel: (925) 300-4455

DATE: *(Fecha)* 10/27/2025 4:05 PM Clerk of Court Clerk, by *(Secretario)* L. Ayala , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citátion use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* Google, LLC

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form Save this form Clear this form

# Exhibit 3

to the Declaration of Teresa Michaud

Filed
November 19, 2025
Clerk of the Court
Superior Court of CA
County of Santa Clara
25CV478687
By: MJacobo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

TO: FILE COPY

RE: **Nicole Arroyo vs Google, LLC**
CASE NUMBER: **25CV478687**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by **Nicole Arroyo** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **10/27/2025** and assigned to **Department 19** (Complex Civil Litigation), the **Honorable Theodore C Zayner** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is complex within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to **Department 19** (Complex Civil Litigation), the **Honorable Theodore C Zayner** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Nicole Arroyo** as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **02/25/2026** at 2:30 p.m. in **Department 19.**

Counsel for all parties are ordered to meet and confer in person or via video conference at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;

-----

2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;
2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;
3. significant procedural and practical problems that may likely be encountered;
4. suggestions for efficient management, including a proposed timeline of key events; and
5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the

parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: November 3, 2025

Hon. **Theodore C Zayner**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# Exhibit 4

to the Declaration of Teresa Michaud

25CV478687
Santa Clara ? Civil

R. Fleming

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 11/24/2025 2:29 PM Reviewed By: R. Fleming Case #25CV478687 Envelope: 21721567**

| | |
|---|---|
| *Attorney or Party without Attorney:* Neal J. Deckant (SBN 322946)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>*Telephone No:* (925) 300-4455<br>*Attorney For:* Plaintiff NICOLE ARROYO, individually and on behalf of all others similarly situated | *For Court Use Only* |
| *Ref. No. or File No.:* 3915 Google IVR AZ | |
| *Insert name of Court, and Judicial District and Branch Court:* SUPERIOR COURT OF CALIFORNIA FOR SANTA CLARA COUNTY | |
| *Plaintiff:* NICOLE ARROYO, individually and on behalf of all others similarly situated<br>*Defendant:* GOOGLE, LLC | |

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 25CV478687 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND RESPONSIVE PLEADING DEADLINE

3. a. *Party served:* GOOGLE, LLC
   b. *Person served:* Alex Jenkins, employee associate, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS.

4. *Address where the party was served:* 2710 Gateway Oaks Drive, Sacramento, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Nov 20 2025 (2) at *(time)*: 11:00 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: GOOGLE, LLC
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: LLC
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| | | |
|---|---|---|
| *Plaintiff:* | NICOLE ARROYO, individually and on behalf of all others similarly situated | *Case Number:* 25CV478687 |
| *Defendant:* | GOOGLE, LLC | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Nancy Graddy
   b. Address: **FIRST LEGAL**
      1939 HARRISON STREET, SUITE 818
      OAKLAND, CA 94612
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was: 201.54
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☐ owner ☐ employee ☒ independent contractor
         (ii) Registration No: 04-010, Placer County
         (iii) County: Placer

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

11/20/2025 — N. Graddy

*(Date)* *Nancy Graddy*

# Exhibit 5

to the Declaration of Teresa Michaud

# 25CV478687

Print

## Nicole Arroyo vs Google, LLC

### Case Information

**Case Type:** Business Tort/Unfair Bus Prac Unlimited (07)
**Case Number:** 25CV478687
**Filing Date:** 10/27/2025
**Case Status:** Active
**Court Location:** Civil

# PARTIES

Show
All
entries

Search:

| ▲ Type | First Name | Middle Name |
|---|---|---|
| Defendant | | |
| Plaintiff | Nicole | |

Showing 1 to 2 of 2 entries

Previous 1 Next

### Attorneys

Show
All
entries

Search:

| ▲ Representing | First Name | Middle Name |
|---|---|---|
| **Nicole Arroyo** | **Neal** | **J.** |

Showing 1 to 1 of 1 entries

Previous 1 Next

## EVENTS

Show

All

entries

Search:

| File Date | File Type | Filed By | Comment |
|---|---|---|---|
| 11/24/2025 | Proof of Service: Summons DLR (Civil) | Nicole Arroyo, | Proof of Service Summons (Proo Service) |
| 11/19/2025 | Order: Deeming Case Complex | | |
| 10/27/2025 | New Filed Case | | |
| 10/27/2025 | Complaint (Unlimited): Provisional Complex | Nicole Arroyo, | Fees Paid - Que'c Complex Clerk 10/31/2025 |
| 10/27/2025 | Civil Case Cover Sheet | Nicole Arroyo, | |
| 10/27/2025 | Summons: Issued/Filed | Nicole Arroyo, | |

Showing 1 to 6 of 6 entries

Previous 1 Next

## HEARINGS

Show

All

entries

Search:

| Department | Type | Date | Ti |
|---|---|---|---|
| Department 19 | Conference: Case Management | 2/25/2026 | 2 |

Showing 1 to 1 of 1 entries