UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ARROYO,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 25-cv-10706-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

This Court orders Defendant Google LLC to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). If the case is a class action under Federal Rule of Civil Procedure 23, it can also have diversity jurisdiction under the Class Action Fairness Act (CAFA) as long as there is minimal diversity, at least 100 class members, and an amount in controversy greater than $5,000,000. 28 U.S.C. § 1332(d). The removing party has the burden of establishing that removal is proper. *Lindley Contours LLC v. AAAB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

Here, Google alleges that this Court has diversity jurisdiction under CAFA. ECF 1 ¶¶ 11–12. As such, Google must show by a preponderance of evidence that the amount in controversy exceeds $5,000,000. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (stating that when the damages are unstated in a complaint or are understated, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million").

Google alleges in its Notice of Removal that the amount in controversy is satisfied "*if* the class comprises even 5,000 individuals who each experienced a single purported TUCSRA [(Arizona's Telephone, Utility, and Communication service Records Act)] violation entitling them to the $1,000 statutory minimum." ECF 1 ¶ 21 (emphasis added). A mere hypothetical of 5,000 or more individuals experiencing a $1,000 TUCSRA violation is not sufficient to prove that the amount in controversy exceeds $5,000,000 by a preponderance of evidence.[1]

Indeed, Google does not explain why it is more likely than not that there are 5,000 or more class members who experienced one TUCSRA violation that would result in $5,000,000 in violations. Google only stated that Plaintiff's complaint states that the class is "believed to amount to thousands of persons," which implies "a logical minimum of 2,000 class members." ECF 1 at 4 (citations omitted). Thus, Google seemingly agrees that the class members could therefore be in the 2,000 to 4,999 range. Google offers no reasoning as to why this is not the case or how it ultimately came to 5,000 class members with violations.

Google also adds that attorney's fees would factor into the amount in controversy but again bases its calculations on an assumption not backed by any facts or reasoning. *See* ECF 1 ¶ 22 ("*Assuming* Plaintiff could show 5,000 TUCSRA violations for total

---

[1] The Court also notes that CAFA requires the amount in controversy to *exceed* $5,00,000, and thus an amount in controversy equaling $5,000,000 would not satisfy the amount in controversy threshold. 28 U.S.C. § 1332(d); *see* ECF 1 ¶ 21.

damages of $5 million, a 25% fee award would raise the total amount in controversy to $6,250,000.") (emphasis added).

The Court therefore cannot find that it has diversity jurisdiction under CAFA. Accordingly, Defendant Google LLC must show cause in writing by December 30, 2025, that this case should not be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  December 16, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge