UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ARROYO,<br>Plaintiff,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No. 25-cv-10706-RFL<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE**<br><br>Re: Dkt. Nos. 26, 27, 36 |

Plaintiff Nicole Arroyo brings this action against Defendant Google LLC asserting a single claim under the Arizona Telephone, Utility and Communication Service Records Act, Arizona Revised Statutes § 44-1376 *et seq.* ("TUCSRA"), related to the alleged use of Google Cloud Contact Center AI ("CCAI") during calls she placed to Verizon's customer service line. (Dkt. No. 1-1.) Google moves to compel Arroyo to arbitrate her claim pursuant to her arbitration agreement with non-party Verizon. (Dkt. No. 26.) For the reasons explained below, Google's Motion to Compel Arbitration is **GRANTED** and the case is **STAYED** pending resolution of the arbitration proceedings.[1] This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Alternative Estoppel***. There is no dispute that Arroyo and Verizon entered into a valid and binding arbitration agreement on December 16, 2024. (Dkt. No. 30.) Arroyo does not dispute that she acknowledged and accepted Verizon's Customer Agreement, and thereby agreed to arbitrate "any dispute that in any way relates to or arises out of" the Customer Agreement,

[1] Google has also filed a Motion to Dismiss (Dkt. No. 27) and an associated Request for Judicial Notice (Dkt. No. 36). Because the Motion to Compel Arbitration is granted, the remaining motions are **DENIED**, without prejudice, in light of the stay.

including claims for "invasion of privacy." (Dkt. No. 30-2 at 7.)[2] There is also no dispute that she acknowledged and accepted Verizon's Privacy Policy, which is incorporated by reference in the Customer Agreement. (Dkt. Nos. 30-1 at 6; 3-2 at 2; 30-3.); *see also Weatherguard Roofing Co. v. D.R. Ward Constr. Co.*, 152 P.3d 1227, 1229 (Ariz. Ct. App. 2007) (describing the incorporation by reference doctrine under Arizona law). The only dispute between the parties is whether Google, who is not party to the arbitration agreement, can enforce the arbitration agreement against Arroyo. Applying Arizona's alternative estoppel doctrine, the Court finds that Google may compel Arroyo to arbitrate her claim.

"A non-signatory may compel arbitration when 'each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement,' such that 'the signatory's claims arise out of and relate directly to the written agreement.'" *Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1070 (9th Cir. 2020) (citing *Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc. v. Robson*, 294 P.3d 125, 135 (Ariz. Ct. App. 2012)). Where "the trier of fact will be required to consider the underlying agreements in resolving plaintiffs' claims, and the non-signatory's conduct is intertwined with that of other defendants who signed the underlying agreement," the non-signatory may compel arbitration. *Id.* (cleaned up, citing *Sun Valley*, 294 P.3d at 135).[3]

Arroyo's claim meets this test. As pled in the Complaint, to state a claim Arroyo must establish, among other things, that Google, "lacked 'authorization of the customer'" or otherwise "acted in a fraudulent, deceptive, or false manner" when it allegedly sought to procure information via its CCAI services on her Verizon customer service call. (Dkt. No. 1-1 ¶ 53 (citing TUCSRA § 44-1376.01).) In support of this element of her claim, Arroyo alleges that "[n]either [Google] nor Verizon informs customers who call the support center that []CCAI is

[2] Citations to page numbers refer to ECF pagination.

[3] Arroyo argues that Arizona law also requires a close relationship between the non-signatory and a signatory for estoppel to apply. (Dkt. No. 34 at 8–10.) This is an independent test for establishing estoppel, *Shivkov*, 974 F.3d at 1070 n. 14, which this order does not reach.

listening to and recording information about their call," and customers "expect the conversation is only between themselves and the human customer service agent." (*Id.* ¶¶ 21, 34.) The Complaint further asserts that "[n]either Verizon nor Google ***received Plaintiff's prior consent, express or otherwise***, to allow [Google] to procure her telephone record from Verizon." (*Id.* ¶ 42 (emphasis added).)

Given these allegations, it is evident that Arroyo must rely on the content of Verizon's Customer Agreement and the incorporated Privacy Policy to support Google's lack of authorization to allegedly procure her information. The Privacy Policy describes Verizon's data collection, discloses that it "may use . . . artificial intelligence" to deliver services and that it shares information with service providers and third parties. (Dkt. No. 30-3 at 2–3.) Therefore, Arroyo's claims rely upon the absence of authorization in the agreements, such that the Court would be required to consider the underlying agreements in resolving her claims, and Google's conduct is intertwined with that of Verizon, which signed the underlying agreements and allegedly procured Google's services to help it operate its customer service line. *See*, *e.g.*, *Atkins v. Amplitude, Inc.*, No. 24-cv-04913-RFL, 2025 WL 2521732, at *2 (N.D. Cal. Sept. 2, 2025), *motion to certify appeal denied,* No. 24-cv-04913-RFL, 2026 WL 821052 (N.D. Cal. Mar. 25, 2026). Arroyo argues that estoppel is inapplicable because consent is only an affirmative defense to her claim, for which Google would have the burden of proof. However, this argument is inconsistent with the statutory language cited in the Complaint, which states that lack of authorization is something Arroyo must establish under the TUCSR. (Dkt. No. 1-1 ¶ 53); TUCSRA § 44-1376.01 (unlawful to take certain actions "without the authorization of the customer"). Arroyo does not identify any case law or other authority for treating this component of her claim as an affirmative defense.

Finally, Arroyo cites *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017), where the Ninth Circuit held that consent is an affirmative defense to certain claims under the Telephone Consumer Protection Act ("TCPA"). *Id.* at 1044. However, *Van Patten*'s holding is based on a Federal Communications Commission order, which itself interprets specific

language in the TCPA in light of that act's legislative purpose and history. *See id.* (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 565 (Jan. 4, 2008)). Arroyo raises no basis to import this analysis into the TUCSRA.

***Conclusion***. For the reasons stated above, Google's Motion to Compel Arbitration is **GRANTED** and the case is **STAYED** pending resolution of the arbitration proceedings. Google's Motion to Dismiss and Request for Judicial Notice is **DENIED**, without prejudice, in light of the stay. The parties shall file a joint status report every 180 days to update the Court on the arbitration proceedings and shall file a status report within 14 days of the completion of arbitration proceedings. The parties' first status report is due by **February 16, 2027**.

**IT IS SO ORDERED.**

Dated: August 20, 2026

RITA F. LIN
United States District Judge